*376 Friday, May 6, 1808. The Judges delivered their opinions.
Judge Tucker.
The principal questions in this case are,
1. Whether upwards of sixty years peaceable and uninterrupted possession in the caveator, and those under whom he claims, together with payment of quit-rents antecedent to the revolution, and of taxes since that period, afford a, sufficient ground to presume a grant from the crown, for the lands in question ?
2. Whether it was the province of the Jury, impanelled for the purpose of finding such facts as were material to this cause, ánd were not agreed by the parties, on the trial of this caveat, to presume such grant, or of the Court, before whom the trial was had ?
3. Whether an administrator with the will annexed, directing the sale of the lands in question, the possession of which is also found to have been in the said administrator, and that, since the death of his testator, he had regularly paid the taxes thereof can maintain a caveat to prevent the emanation of a patent for the same in favour of a'person entering for, the same, as waste and unappropriated land?
The first of these points depends upon the principles which were ably discussed and decided, by Lord Mansfield and the rest of the Judges of the Court of K. B. in the case of the Mayor of Hull v. Horner,(a) just before the American revolution. In that case it was said by the enlightened Judge, “ that if a foundation can be laid that a “ record or a deed existed, and was afterwards lost, it may u be supplied by the next best evidence to be had, or, if it cannot be shewn that it ever existed, yet, enjoyment, “ under a title zuhich can only be by record, is strong' “ evidence to be left to a Jury, that it did once exist.” In Lord PurbecPs case, the letters patent, which were the onlv proper evidence of his title, could not be *377 found ; and there was no proof of the record having been lost 5 but he had sat in Parliament, and done other acts, which were evidence of a title; and the House of Lords presumed that a patent had existed. And, so long ago as the case of Beadle v. Beard, 12 Co. 5. it was observed, with great force, that ancient possession would injure instead of strengthening a title, if after a succession of ages, and the decease of parties, objections should prevail, which might have been answered in the life-time of die parties, and, if well founded, would most probably have been sooner made, In the case of a supposed bye-law, we are told, that usage is allowed to support it, without any proof of the existence of such bye-law,-or of the loss of it; and that the principle upon which this is done is rjght; namely, in favour of rights, which parties have long been-in the peaceable aud quiet possession of. And therefore, •that it may be taken to be established, in point of law, that, although a record be not produced, nor any proof adduced of its being lost, yet, under circumstances, it may be left to the consideration of a Jury, or of a Court of Equity, if the case comes properly before them, whether there be not sufficient ground to presume a grant. There is not one of these principles, which, under the circumstances of this case, does not operate in favour of the caveator. Sixty years quiet and peaceable enjoyment of lands in this country, are ten years over the period which is a perpetual bar, even in a writ of right. Such a period of uninterrupted possession strengthens every presumption in favour of a perfect title antecedent thereto ; for the commencement of this peaceable possession is not shewn. It is carried back • seventy years, which may be considered as the utmost, stretch of human memory, where a witness s.peaks of his own knowledge and recollection, This is not unlike the case of Birch v. Alexander,(a) as to this point. The acceptance of quit-rents by the crown, is a-strong presumption of a grant from the crown, because quit-rents were 'reserved in alj grants made by the crown. The not pro-. *378 during the patent may have been owing to the g'enei-al Pract*ce ^ie couni-jy to take a conveyance oflands, without requiring all the previous title-deeds, and muniments 0f a tjtje not SUpp0scd to be disputable. And where large grants of land have been parcelled out among a number of purchasers, the original patent must have remained in the hands of one only, of those who claimed a title under it, and the omission to recite the seller’s title, which the want of skill among those who prepared deeds has rendered almost universal in Virginia, furnishes a still further argument in favour of presumption founded upon long and peaceable possession. The regular pajmient of taxes since the revolution bars all presumption of a right accruing to the Commonwealth by forfeiture for non-payment of taxes, and leaves the presumption, arising from the long and peaceable possession, unrepelled. The destruction of the records of the Courts in which the conveyances for this land ought to have been recorded, and in which the title might possibly have been deduced from an ancient patent, is also a circumstance favourable to the presumption of a patent in this case.
Presumptions, in favor of long and peaceable possession, fhat there has been a grant, must, at no very longperiod hereafter, be absolutely necessary to be made, on almost all occasions, in consequence of the operation of our law of descents. If lands descend in parcenary for the space of sixty years, we may venture to pronounce that in -a country where there is no regular register of marriages, and births, the labour and ingenuity of the profession would in nineteen cases out of twenty be defeated, in the attempt to deduce a regular title, or to shew an original patent. And, if every speculator may enter upon lands which have been in the possession and occupation of any other, for such a period, Unless he, can shew a grant or patent for them, we may venture to pronounce, that not one man in twenty in Virginia will be ^ble to hold his estate.
*379 In speáking to the first point, I have necessarily touched upon the second, viz. that it is the province of the Jury, and not of the Court, to make the presumption. The act which directs a Jury to be impanelled for the purpose of finding such facts, as are material iri the cause, and are hot agreed by the parties, would be decisive in this case, were not the rule of the common laxo, in respect to it, as clear as it certainly is, in favour of the right of the J ury to make such presumption.
The will of the testator being found, and the possession ©f the caveator, under it, being also found, we aré bound to presume he entered with the assent of the heir, for the purpose of fulfilling the will of his testator. I therefore think he had such an interest as to enable him to maintain a caveati ■
Upon these grounds I think the judgment Ought to be reversed, and the cause sent back with directions ,to impanel a Jury for the finding of such further facts, material to the cause, and not agreed by the parties', aé are not already found by the J ury formerly impanelled for that purpose ■} on which occasion tlie Distri&t Court ought to instruct the Jury that they have a right to presume and find that a patent hath formerly issued for the land in question, if such fact shall} in their opinion, be a rational inference from the evidence which shall then be offered to them.
Judge Roane.
I think it cleat that the Jury in this ca‘sé had a right to presume a patent. In the case of the: Mayor of Kingstonupon Hull v. Horner,(a) it is considered as the established law that although the charter is not produced, nor any proof made of its being lost, yet, under circumstances, it maybe left to the consideration of a Juty, or of a Cóurt of Equity, (in exclusion of a Court of Law,) if the case comes properly before them, to presume a charter. In Lord PurbecPs case, (stated in the opinion of the Court in that case,) it' is said that the letters patent could not be found, and that there was no proof of the *380 record being lost; but, inasmuch as he had sat in parliament, levied a fine of his honours, &c. and enjoyed them till the time of his death, it was presumed that the letters patent had existed.
In the case of Eldridge v. Knott,(a) the Court of King’s Bench adopted the same doctrine, and, referring to the case of the Mayor of Kingston upon Hull v. Horner, adds, “ that it is not, in such case, that the Court really thinks “ a grant has been made, because it is not probable a “ grant should have existed without its being upon record; “but they presume the fact, for the purpose, and from the “ principle, of quieting the possession.”
These cases, (and, especially, this last ground of decision,) seem fully to answer the objection of the appellee’s counsel, that, where the the grant is a matter of record, it ought to be produced, or at least some memorandum shewing that it once had existed. The circumstances, too, stated as the ground of decision in lord PurbecEs case arc s'upposed not to be stronger than those in the present case j I mean the long possession, the receipt of quit-rents and taxes for a great length of time by the Crown and the Commonwealth successively, and the improbability that, at this time of day, lands in that part of the country are vacant»’ There is very great force too in the remark made on the part of thé appellant, that, admitting patents to be in existence, and- of record, it may become difficult, if not impracticable, to tface them, after a great lapse of time, and various divisions and conveyances of the property.
I therefore concur in the opinion, that the judgment be reversed.-

 Comp. 102.

 1 Wash. 34.

 Cowp. 111.

 Cowp.214.